440 F.2d 298
 INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, AFL-CIO, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
TIIDEE PRODUCTS, INC., Respondent.
 No. 23209.
 No. 23321.
 United States Court of Appeals, District of Columbia Circuit.
 Argued September 21, 1970.
 Decided December 23, 1970.
 
 Mr. Melvin Warshaw, Washington, D. C., with whom Mr. Irving Abramson and Mrs. Ruth Weyand, Washington, D. C., were on the brief, for petitioner in No. 23,209.
 Mrs. Corinna Metcalf, Attorney, National Labor Relations Board, with whom Messrs. Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, National Labor Relations Board, were on the brief, for petitioner in No. 23,321 and respondent in No. 23,209.
 Mr. Roy E. Browne, Akron, Ohio, for respondent in No. 23,321.
 Before LEVENTHAL, ROBINSON and MacKINNON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case is before us on the petition of the International Union of Electrical, Radio & Machine Workers, AFL-CIO, to review, and application of the National Labor Relations Board to enforce, a Board order issued against Tiidee Products, Inc. on June 29, 1969. 176 NLRB No. 133, 1969 CCH NLRB Dec. ¶ 20,795.
 
 
 2
 This is the second time within the year that Tiidee has been before this court on charges of unfair labor practice by the Board. See IUERMW [Tiidee Products] v. NLRB, 138 U.S.App.D.C. 249, 426 F.2d 1243, cert. denied, 400 U. S. 950, 91 S.Ct. 239, 27 L.Ed.2d 256 (1970). The instant charges resulted from a series of actions taken by the Company, through its president Irving Hollander, immediately following the Board's hearing in the prior case. These included the promulgation of no-solicitation and no-distribution rules, the unilateral adoption of comprehensive work rules, and the interrogation and discharge of certain employees for what the Board found to be sympathy with the union. Because of these actions, the Board concluded that the Company had violated Section 8(a) (1), (3), (4), and (5) of the Act. We have given careful consideration to the arguments on which the Company bases its challenge to the Board's findings, including the assertion that the Company's actions against specific employees were justified by considerations of economy and efficiency. We conclude, however, that the findings of the Board are supported by substantial evidence of record. There was ample evidence from which the Board could reasonably conclude that the disciplinary measures invoked by Hollander were motivated by his desire to punish workers for pro-union activity.
 
 
 3
 The Board's application for enforcement of the order as issued is granted. As to the Union's petition for review, the case is remanded to the Board for further consideration of the make-whole claim in light of our April 3 decision in Tiidee I.
 
 
 4
 So ordered.
 
 
 5
 MacKINNON, Circuit Judge (concurring in part and dissenting in part):
 
 
 6
 I concur in the conclusion that the findings of the Board are sustained by satisfactory evidence, however I dissent as to the remand for further consideration by the Board as to the make-whole claim requested by the Union by way of additional remedial relief. First, the Board already has ample power under the remand by the majority in Tiidee I to grant all necessary remedial relief that is requested here; and secondly, in my opinion, this is not as strong a case as Tiidee I for the make-whole relief requested as there is not present here any general refusal to recognize and bargain with the certified union. In my view, the majority are remanding the case here on the remedial relief question principally because of the cumulative effect of the facts here when same are considered jointly with those in Tiidee I. I view this case strictly and solely on its own facts and would also affirm the Board's denial of further remedial relief.